# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 18-4028-01-CR-C-SRB |
| BRETT DWAYNE WELSH, JR., | ) ) ) | |
| Defendant. | ) | |

## ORDER

On April 4, 2018, the Grand Jury returned a one-count indictment charging Brett Dwayne Welsh, Jr. (Doc. 1).

On October 1, 2018, defendant Brett Dwayne Welsh, Jr. filed a motion for continuance of the October 29, 2018 trial setting. Defendant states the United States Attorney has indicated the Government does not oppose a delay.

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (Speedy Trial Act). In computing the time within which the trial of any offense must commence, any period of delay that results from a continuance, which serves the end of justice, "granted by a judge on his own motion or at the request of the defendant or his or her counsel or at the request of the attorney for the Government," shall be excluded from computing the time. 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act requires that the Court set forth its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. Factors which this Court shall consider in determining whether to grant a continuance include whether the failure to grant such a continuance would be likely to result in a miscarriage of justice and whether or not the case is so complex that it is unreasonable to expect adequate preparation for trial within the time limit established.

Defendant states the continuance is sought because counsel for the Defendant needs additional time to fully investigate the case and adequately prepare for trial

Failure to grant the continuance would deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial.  The motion for continuance of the October 29, 2018 trial setting will be granted and the case will be reset for trial on the Joint Criminal Jury Trial Docket which commences on January 7, 2019.

The Court in ordering this case removed from the October 29, 2018 Joint Criminal Jury Trial Docket is not doing so because of congestion of the Court's calendar, in accordance with 18 U.S.C. § 3161(h)(7)(C)

IT IS ORDERED that the motion of defendant Brett Dwayne Welsh, Jr. for continuance of the October 29, 2018 trial setting is granted. (Doc. 21).  It is further

ORDERED that the above-captioned case is reset for trial on the Joint Criminal Jury Trial Docket which commences on January 7, 2019.  It is further

ORDERED that a pretrial conference is reset for December 18, 2019, at 2:00 p.m.  It is further

ORDERED that the additional period of delay in commencing Defendant's trial caused by this continuance shall be excluded in computing the time within which this trial shall commence under the Speedy Trial Act.

Dated this 1st day of October, 2018, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge